STONE *v.* CAMPBELL.

APPEAL—FINDINGS ON CONFLICTING EVIDENCE.

Upon an appeal in a chancery case in which questions of fact were alone involved, it appearing that complainant had failed to establish some of the facts alleged in her bill, and that her conduct since the controversy arose had been wholly inconsistent with the claims made therein, a decree dismissing the bill was affirmed.

Appeal from Muskegon; Russell, J. Submitted June 11, 1896. Decided June 30, 1896.

Bill by Rachel Stone against John Campbell and Florence Campbell to declare a trust in certain real estate. From a decree dismissing the bill, complainant appeals. Affirmed.

*Arthur Jones,* for complainant.

*Smith, Nims, Hoyt & Erwin,* for defendants.

MONTGOMERY, J. The bill in this case avers that complainant and defendant John Campbell are brother and sister; that, in 1886, defendants and the mother of John Campbell joined in purchasing a ticket in the Louisiana State Lottery, which drew a prize of $15,000, which came into the hands of defendant John Campbell; that he held $5,000 of this sum in trust for his mother, Catherine Campbell; that Catherine Campbell and complainant joined in purchasing a house and lot in the city of Muskegon at the price of $1,650, which was paid for by complainant's paying in $750, and Mrs. Catherine Campbell's directing the defendant John Campbell to apply $900 of the proceeds of the lottery ticket in his hands belonging to her; that, without the knowledge of complainant, said John Campbell took the deed to the property in his own

name, in fraud of complainant's rights. The answer denies the claim that Mrs. Catherine Campbell had an interest in the lottery ticket; denies that there was any agreement that the property should be purchased in the name of complainant, and that the complainant furnished any portion of the consideration; and avers that, for the purpose of providing the complainant a home, he bought the property with his own money, permitted the complainant and her husband to occupy it upon their payment of a small rental, and with the privilege of purchasing at the price which he paid, if they should be able to do so.

The question involved is purely a question of fact. The parties are at direct variance in their testimony, and each party has the support of alleged admissions of the other. We are convinced upon the whole record that the complainant has not established her case. The testimony fails to satisfy us that the complainant had the amount of money which she alleges she put into the property in question. After the controversy arose, we find that she wrote a letter to defendant John Campbell which is wholly inconsistent with her present claims. This evidence is convincing, and, if the case were more doubtful, would be controlling.

The decree of the court below, dismissing complainant's bill, will be affirmed, with costs.

The other Justices concurred.